(September 30, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARDELL LE GRAND, Appellant.—Judgment of the Supreme Court, Bronx County (William H. Wallace, III, J.), rendered September 5, 1985, convicting defendant Cardell Le Grand, after a jury trial, of robbery in the first degree (Penal Law § 160.15), attempted robbery in the first degree (Penal Law §§ 110.00, 160.15), assault in the second degree (Penal Law § 120.05), and criminal possession of a weapon in the second degree (Penal Law § 265.03), and sentencing defendant to concurrent indeterminate prison terms of from 9 to 18 years, 7½ to 15 years, 7½ to 15 years, and 3½ to 7 years, unanimously modified, on the law, defendant's sentences for first degree robbery and second degree assault are vacated and the case is remanded for resentencing as to those convictions and except as modified, affirmed.

Upon his present convictions of robbery in the first degree and assault in the second degree, defendant was sentenced as a second violent felony offender to concurrent prison terms of from 9 to 18 years and 7½ to 15 years, respectively. The prior conviction cited by the sentencing court as a predicate for according defendant second violent felony offender status was for third degree robbery. Third degree robbery, however, is not among those offenses which may be used as predicates for second violent felony offender status (Penal Law § 70.02). Accordingly, defendant must be resentenced as a second felony offender, not a second violent felony offender, so that his illegally high sentence for second degree assault is reduced to a permissible term, and his sentence for first degree robbery, though presently within the proper range, is imposed with due regard for his true predicate status.

The other points raised by appellant have been considered and found without merit. Concur—Murphy, P. J., Kupferman, Ross, Milonas and Kassal, JJ.